J-S38008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL WOODSON | : | |
| | : | |
| Appellant | : | No. 1576 EDA 2016 |

Appeal from the Judgment of Sentence January 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013190-2014

BEFORE:   GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 25, 2017**

Appellant, Darnell Woodson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for robbery, conspiracy to commit robbery, simple assault, and intimidation of a witness or victim.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On August 10, 2014, co-defendants, Shaheed Carroll and Edward Martin, and a group of individuals assaulted and robbed Victim.  Victim reported the incident to police.  On the night of September 19-20, 2014, Appellant and co-defendants assaulted and robbed Victim.  During the September 2014

_____

[1]18  Pa.C.S.A.  §§  3701(a)(1)(iv),  903(c),  2701(a),  and  4952(a)(1), respectively.

_____

*Former Justice specially assigned to the Superior Court.

incident, Appellant accused Victim of "snitching" to police.

The Commonwealth charged Appellant and co-defendants with robbery, conspiracy, simple assault, and intimidation of a witness or victim stemming from the September 2014 incident. Appellant and co-defendants proceeded to a joint jury trial on October 25, 2016. At trial, the jury heard the testimony of, *inter alia*, Victim and Officer Brian Williams, who investigated the September 2014 offense.

Victim testified that on the night of September 19-20, 2014, Appellant and co-defendants approached him and accused him of "snitching" to police. Victim stated that Appellant attempted to punch Victim, and one of the co-defendants pointed a knife at Victim and threatened to stab him. Victim explained that Appellant and co-defendants knocked him to the ground and punched and kicked him repeatedly. Appellant and co-defendants also took from Victim multiple items, including his cell phone. Victim testified that he reported the September 2014 incident to police that same night.

Officer Brian Williams testified that he responded to the scene in the early morning of September 20, 2014. Upon arriving, Officer Williams noticed Victim was holding his stomach. Officer Williams explained that Victim specified which personal items had been stolen. Officer Williams stated he was able to track Victim's stolen cell phone to Appellant and co-defendants' location. Officer Williams said when he arrived at the identified location with Victim, Appellant and co-defendants were already in police

custody. Officer Williams said he saw other officers confiscate from co-defendants several items, which matched the items stolen from Victim. Officer Williams testified that Victim identified all three assailants by name and stated they had also robbed him in August.

On November 2, 2015, the jury convicted Appellant of robbery, conspiracy to commit robbery, simple assault, and intimidation of a witness. On January 5, 2016, the court sentenced Appellant to a term of four (4) to eight (8) years' incarceration on the intimidation of a witness charge, and a concurrent term of four (4) to eight (8) years' incarceration for the robbery and conspiracy to commit robbery charges, which merged for purposes of sentencing. The court imposed an aggregate sentence of four (4) to eight (8) years' incarceration.

Appellant filed post-sentence motions on January 13, 2016. On May 16, 2016, Appellant filed a premature notice of appeal.[2] On May 17, 2016, Appellant's post sentence motions were denied by operation of law. The court ordered Appellant, on May 19, 2016, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on May 21, 2016.

---

[2] Appellant's notice of appeal relates forward to May 17, 2016, the date Appellant's post sentence motions were denied by operation of law. *See* Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after court's determination but before entry of appealable order shall be treated as filed after such entry and on date of entry). Hence, no appellate jurisdictional defects impede our review.

Appellant raises two issues for our review:

WHETHER THE JURY'S VERDICT FINDING APPELLANT GUILTY OF INTIMIDATION OF A WITNESS…, ROBBERY…, SIMPLE ASSAULT…, AND CRIMINAL CONSPIRACY…, WAS AGAINST THE WEIGHT OF THE EVIDENCE?

WHETHER THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE JURY'S VERDICT FINDING APPELLANT GUILTY OF INTIMIDATION OF A WITNESS – REFRAIN FROM REPORTING, 18 PA.C.S.A § 4952, WHERE [VICTIM] TESTIFIED THAT APPELLANT AND THE CO-DEFENDANTS TOLD HIM THAT THEY WERE CONFRONTING HIM ABOUT PAST "SNITCHING," WHICH IS CONDUCT THAT IS ONLY ACTIONABLE UNDER THE CHARGE OF RETALIATION AGAINST A WITNESS, 18 PA.C.S.A. § 4953, AND DOES NOT FALL UNDER THE AMBIT OF INTIMIDATION OF A WITNESS, WHICH APPLIES TO FUTURE CONDUCT?

(Appellant's Brief at 5).

In his first issue, Appellant argues his convictions were against the weight of the evidence because Victim's trial testimony was incredible. Appellant concludes this Court should vacate his convictions and judgment of sentence. We disagree.

As a preliminary matter, we must determine if Appellant properly preserved his challenge to the weight of the evidence. Issues not raised in a Rule 1925 concise statement of errors will be deemed waived. *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (citing *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998)); Pa.R.A.P. 1925(b)(4)(vii). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." *Commonwealth v. Hill*, 609 Pa. 410, 428, 16 A.3d 484, 494 (2011). *See also Wirth v. Commonwealth*, 626 Pa. 124,

149-150, 95 A.3d 822, 836-37 (2014) (providing appellate court may address waiver *sua sponte*).

Our standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

Section 3701 of the Pennsylvania Crimes Code defines robbery, in pertinent part, as follows:

> **§ 3701. Robbery**
>
> **(a) Offense defined.—**
>
> > (1) A person is guilty of robbery if, in the course of committing a theft, he:
> >
> > * * *
> >
> > (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

* * *

18 Pa.C.S.A. § 3701(a)(iv). Criminal conspiracy is defined in relevant part as follows:

**§ 903. Criminal conspiracy**

* * *

**(c) Conspiracy with multiple criminal objectives.—** If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

* * *

18 Pa.C.S.A. § 903(c). The pertinent subsection of the simple assault statute provides in pertinent part as follows:

**§ 2701. Simple Assault**

**(a) Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon;

(3) attempts by physical menace to put another in fear of imminent serious bodily injury; or

* * *

18 Pa.C.S.A § 2701(a)(1)-(3). Additionally, intimidation of witnesses or victims is defined in relevant part as follows:

**§ 4952. Intimidation of witnesses or victims**

**(a) Offense defined.**—A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

(1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

\* \* \*

18 Pa.C.S.A § 4952(a)(1).

Instantly, Appellant filed a post-sentence motion that included a challenge to the weight of the evidence and requested the trial court to vacate his convictions and judgment of sentence. The issue Appellant presented in this regard was:

C. The jury's verdict was against the force of the evidence, where police recovered no contraband or weapons from [Appellant], [Victim] had zero credibility, because he admitted at trial that he falsely accused [Appellant] of being a participant in the August 10, 2014 Robbery and that he lied about being hospitalized as a result of the incident.

(**See** Post-Sentence Motion, filed 1/13/16, at 5 unpaginated). In his Rule 1925(b) statement, Appellant presented the following weight challenge:

1. The jury's verdict finding [Appellant] guilty of Intimidation of a Witness (F1), Robbery (F2), Simple Assault (M2), and Criminal Conspiracy (F1), was against the weight of the evidence.

(**See** Rule 1925(b) Statement, filed 5/21/16, at 1 unpaginated). In his post-

sentence motion, Appellant based his weight claim partly on the credibility of Victim's trial testimony. By comparison, Appellant's Rule 1925(b) statement included a generic challenge to the weight of the evidence. In his brief on appeal, however, the sole basis for Appellant's weight claim is Victim's purported incredible trial testimony. Thus, Appellant did not properly preserve, in his Rule 1925(b) statement, his specific weight issue to the extent it relates to the credibility of Victim's testimony. Although Appellant preserved in his post-sentence motion a more specific weight claim regarding Victim's credibility, Appellant arguably waived that issue for purposes of appellate review. *See Castillo, supra*; Pa.R.A.P. 1925(b)(4)(vii).

Moreover, the trial court did not specifically address Victim's credibility in its Rule 1925(a) analysis. Nevertheless, the record reveals Appellant fully pursued Victim's credibility at trial through cross-examination, and the trial court properly instructed the jury as to credibility determinations. Thus, even if Appellant had properly preserved this aspect of his weight claim for appellate review, we would see no error in the court's decision to deny relief. *See Champney, supra* (explaining weight of evidence is exclusively for finder of fact who is free to believe all, part, or none of evidence and to determine credibility of witnesses; this Court cannot substitute its judgment for that of fact-finder and may reverse verdict only if it is so contrary to evidence as to shock one's sense of justice). In response to Appellant's

weight claim, the trial court reasoned:

> The facts presented at trial regarding the September 19 robbery are clear and the defense presented no evidence at trial, either in their case in chief or through cross examination that would outweigh the finding made by the jury. [Appellant] was identified by [Victim] as having participated in the robbery. Through words and physical assault, he, along with the two co-defendants, intimated to [Victim] that they did not want him to go forward in the investigation of the previous robbery a month before. And most importantly all three defendants were arrested shortly after with the proceeds of the robbery in their possession. Therefore the denial of [Appellant]'s post-sentence motion alleging that the verdict was against the weight of the evidence was proper and was not an abuse of discretion.

(*See* Trial Court Opinion, filed 1/10/17, at 4.) The record supports the court's analysis. The totality of the Commonwealth's evidence produced a sufficient nexus between Appellant and: his co-defendants, relating the August 10, 2014 and September 19, 2014 incidents; the accusations the September 19th assailants directed at Victim for "snitching" about the August 10th incident; the stolen property from Victim on September 19, 2014; and the injuries Victim sustained on September 19, 2014. Based on the foregoing, we see no abuse of discretion in the trial court's assessment of Appellant's weight of the evidence claim. *See Champney, supra*. Accordingly, we affirm.

In his second issue, Appellant argues the Commonwealth presented insufficient evidence to support his witness intimidation conviction. Appellant avers that at the time of the September 2014 incident, there were

no criminal cases pending or ongoing investigations stemming from the August 2014 incident. Appellant contends Victim testified that Appellant and co-defendants accosted him because he "snitched" to police. Appellant asserts Victim did not testify that Appellant and co-defendants warned him to refrain from cooperating with law enforcements in the future. Appellant concludes this Court should vacate his conviction for intimidation of a witness. We disagree.

With respect to a sufficiency claim:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

- 10 -

Instantly, concerning Appellant's sufficiency claim, the trial court reasoned as follows:

> Given the circumstances of the two robberies happening only a month apart, the conduct shown by the defendants satisfies the Intimidation of a Witness charge. The complaining witness, [Victim] reported to police what happened, but no court process or charges were brought against those who committed [the August 10th] robbery at the time of the [September 19th] robbery. Since the defendants knew about the [August 10th] robbery, their comments regarding "snitching" could reasonably be inferred to include refraining from reporting or cooperating further with authorities regarding [the August 10th] robbery and not necessarily about his conduct of filing a police report regarding the first robbery. Therefore the evidence presented was sufficient to find the defendant guilty on Intimidation of a Witness.

(**See** Trial Court Opinion at 5.) The record supports the trial court's rationale. Therefore, Appellant's sufficiency claim merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2017